[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is brought by the plaintiff against the defendant to recover for medical services rendered to one William Scagliotti. The defendant is a trust as to which William Scagliotti is both the maker and the beneficiary. The plaintiff seeks to satisfy the debt owing from William Scagliotti from theincome of the trust. The plaintiff has moved for summary judgment in its favor.
The defendant opposes the motion for summary judgment essentially arguing that the trust is a "spendthrift trust" and by its terms and pursuant to Conn. Gen. Stat. § 52-321, the income thereof is protected from the reach of creditors.
Section 52-321 provides:
 income has not been expressly for the support of the beneficiary or his family, the income shall be liable in equity to the claims of all creditors of the beneficiary.
The defendant argues that since the trust contains provisions for accumulation and an express authorization for the trustee to withhold income, it was set up as a spendthrift trust for the CT Page 15555 special needs of William Scagliotti; the income thereof is not reachable by his creditors until actually received by him.
The defendant's argument must fail however, since its reliance on § 52-321 is misplaced. The provisions of § 52-321 do not apply to a trust in which the settler is also the beneficiary. Greenwich Trust Co. v. Tyson, 129 Conn. 211, 222
(1942) (construing the provisions of § 5723 of the Conn. General Statutes).
The trust is therefore a "discretionary trust" and a provision therein that the trustee may m his discretion accumulate income does not place the income beyond the reach of creditors. Id. at p. 223. To permit a person to transfer his own assets to a trustee and provide that the income thereof shall not be reachable by creditors would be contrary to public policy. Id.
at p. 222.
Section 52-321(b) of the Conn. General Statutes provides:
 Any creditor of the beneficiary who has secured a judgment against the beneficiary may bring an action against him and serve the trustees with garnishee process, and the court to which the action is returnable may direct the trustees to pay over the net income derived from the trust estate to the judgment creditor, as the income may accrue, until the creditor's debt is satisfied.
Accordingly, the motion for summary judgment is granted and it is hereby ordered that the defendant pay to the plaintiff the net income which is presently accumulated in the estate and such further income as may accrue until the plaintiffs debt is satisfied.
Bruce W. Thompson, Judge